# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AARON D. MANNING, | ) | |
| | ) | |
| Petitioner, | ) | 4:12CV3102 |
| | ) | |
| vs. | ) | ORDER ON |
| | ) | INITIAL REVIEW |
| ROBERT P. HOUSTON, Director, | ) | (HABEAS CORPUS) |
| Nebraska Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus (Petition) (Filing No. 1), pursuant to 28. U.S.C. § 2254, filed by the petitioner, Aaron D. Manning, on May 22, 2012. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a).

The petitioner was convicted of two Class 2 felonies and two attempts of a Class 1/1A/1B felony and sentenced on August 19, 2005, for a minimum of forty years and a maximum of fifty years. **See** Filing No. 1 p. 1. The petitioner appealed the judgment to the Nebraska Court of Appeals but the case was dismissed. *Id.* at p. 2. The petitioner did not seek further review by a higher court. *Id.* at p. 2-3.

On July 30, 2009, the petitioner filed a motion for post-conviction relief in the District Court of Buffalo County, Nebraska. *Id.* at 3. The District Court denied the motion on September 11, 2009. *Id.* On January 27, 2011, the petitioner filed another motion for post-conviction relief in the District Court of Buffalo County, Nebraska. *Id.* at 4. After review, the District Court determined the Petitioner raised similar issues in his prior application and denied the motion on February 8, 2011. *Id.* The petitioner filed a motion for further review with the Nebraska Court of Appeals on September 14, 2011. *Id.* The case was dismissed on September 27, 2011. *Id.*

The court has conducted an initial review of the Petition to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (2254 Rules). In the Petition, the petitioner raised one claim,

however the petitioner references attachment two of the Petition, which lists eight claims with various sub-parts. The petitioner's claims are set forth below.

Claim One:

> The petitioner was denied due process of law because the petitioner was not notified of his Constitutional rights and was in custody or under arrest when the petitioner made incriminating statements;

**See** Filing No. 1 - Petition Attachment Two p. 11 ¶ 9.

Claim Two:

> The petitioner was denied due process of law because law enforcement continued questioning the petitioner after the petitioner repeatedly indicated he did not want to make a statement until his attorney was present;

*Id.* at 11 ¶ 10.

Claim Three:

> The petitioner was denied effective assistance of counsel in violation of the Sixth Amendment because the petitioner was not adequately advised of the parameters of the plea agreement;

*Id.* at 11 ¶ 11.

Claim Four:

> The petitioner was denied due process of law, effective assistance of counsel, and the right to confront witnesses, because the petitioner was denied access to exculpatory evidence as referenced in attachment two of the Petition;

*Id.* at 12 ¶ 12.

Claim Five:

> The petitioner's right to confrontation was violated because he was unable to discuss or review his pre-sentence investigative report to enable him to add or subtract information from the sentencing judge;

*Id.* at 17 ¶¶ 13, 15.

Claim Six:

> The petitioner was not made aware of information that should be added to the pre-sentence investigative report because the county attorney did not comply with discovery;

*Id.* at 17 ¶ 14.

>Claim Seven:
>
>>The petitioner was denied his right to counsel due to ineffectiveness of counsel because:
>>
>>>A. The petitioner was denied the right to read and review the pre-sentence investigative report;
>>>B. The petitioner's trial counsel was ineffective by failing to preserve the record and issues necessary for a direct appeal or to aide or assist in the filing of an appeal prior to withdrawing;
>>>C. The petitioner's motions to be allowed to proceed *in forma pauperis* and appointed counsel were denied;
>>>D. The petitioner's trial counsel was ineffective for not providing the petitioner the right to attend depositions;
>>>E. The petitioner's trial counsel neither researched or investigated the petitioner's haziness prior to and during the assaults nor the fact that Jim Haga could control the petitioner with hypnotism.

*Id.* at 17 ¶ 16.

Liberally construed, the court makes a preliminary finding that Claims One, Two, Three, Four, Five, Six, and Seven A, B, D and E are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of the claim or any defenses thereto or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought. The court determines that Claim Seven C is not cognizable in a federal court habeas action because the claim does not state a federal constitutional claim. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

**IT IS THEREFORE ORDERED**:

1. Upon initial review of the Petition (Filing No. 1), the court preliminarily determines that Claims One, Two, Three, Four, Five, Six, and Seven A, B, D and E, as set forth in this Order, are potentially cognizable in federal court.

2. The court determines that Claim Eight C is not cognizable in a federal court habeas action and is therefore dismissed.

3. The clerk's office is directed to mail copies of this Memorandum and Order and the Petition to Respondents and the Nebraska Attorney General by regular first-class mail.

4. By **September 21, 2012**, the respondent shall file a motion for summary judgment or state court records in support of an answer.

5. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and petitioner:

> A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner except that the respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.
>
> D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment.

  E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.  In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

  F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.  **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner**.

6. If the respondent elects to file an answer, the following procedures shall be followed by the respondent and petitioner:

  A. By **September 21, 2011**, the respondent shall file all state court records which are relevant to the cognizable claims. **See** Rule 5 of the 2254 Rules.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

  B. No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the

5

petition is an unauthorized second or successive petition. **See** Rules 5 and 9 of the 2254 Rules.

C.  Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner at the time they are filed with the court except that the respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the respondent's brief, the petitioner shall file and serve a brief in response.

E.  No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

7.  No discovery shall be undertaken without leave of the court. **See** Rule 6 of the 2254 Rules.

Dated this 22nd day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge