IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AARON D. MANNING,<br><br>     Petitioner,<br><br>vs.<br><br>ROBERT HOUSTON, Director,<br>Nebraska Department of Corrections,<br><br>     Respondent. | 4:12CV3102<br><br>**ORDER** |

   This matter is before the court on the petitioner's notice of appeal, Filing No. 17, and the remand from the Eighth Circuit Court of Appeals, Filing No. 19.

   Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the right to appeal the denial of a § 2254 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c)(1)(A). *Tiedeman v. Benson,* 122 F.3d 518, 521 (8th Cir. 1997); *Jones v. Delo,* 258 F.3d 893, 900-01 (8th Cir. 2001). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2254. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1) ("the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)"). The certificate "shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(3).

   To make a substantial showing of the denial of a constitutional right, a petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve

encouragement to proceed further. *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009); *Cox v. Norris*, 133 F.3d 565, 569 and n.2 (8th Cir. 1997) (applying AEDPA's standards and stating, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings."). "Before granting a certificate of appealability on a procedural issue, a district court should determine 'both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."'" *Ward v. Hobbs*, 738 F.3d 915, 916 (8th Cir. 2013) (quoting *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002).

Upon review of the record, the court concludes that the petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). This court denied petitioner's § 2254 motion, finding that Claims One, Two, Three, Five and Seven were time-barred and that his claims relating to exculpatory (Claims Four and Six) lacked merit because the evidence was not exculpatory and would have had no bearing on his conviction for attempted murder, which was supported by overwhelming evidence. Based on the record, reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right, nor would jurists of reason find it debatable whether the district court was correct in its procedural ruling. Accordingly, the court finds the petitioner's motion for a certificate of appealability should be denied.

Dated this 8th day of May, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge